# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                    No. CR 16-1613 JB

ANTHONY RAY BACA, a.k.a. "Pup,"
CHRISTOPHER GARCIA,
SERGIO LOYA RORDIGUEZ, a.k.a
"Churro,"
MANUEL BENITO, a.k.a. "Panther,"
VINCENT GARDUÑO a.k.a. "Fatal,"
MANDEL LON PARKER, a.k.a.
"Chuco,"
DANIEL ARCHULETA, a.k.a. "Smurf,"
DANIEL SANCHEZ, a.k.a. "Dan Dan,"
ANTHONY CORDOVA, a.k.a. "Antone,"
and ARTURO ARNULFO GARCIA,
a.k.a. "Shotgun,"

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff United States of America's objection -- which the United States articulates in the Email from Randy Castellano to the Court (dated July 8, 2018), filed July 16, 2018 (Doc. 836)("Objection") -- to the Court's Third Proposed Preliminary Jury Instructions, filed July 8, 2018 (Doc. 784). The Court's Third Proposed Preliminary Jury Instructions states:

> To find Mr. Cordova guilty of the crime of Committing Violent Crimes in Aid of Racketeering,[1] you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> *First:* the existence of an "enterprise" as defined in 18 U.S.C. § 1959(b)(2), on or about February 4, 2005;

---

[1] 18 U.S.C. § 1959 ("VICAR").

> *Second:* the charged enterprise was an enterprise engaged in, or the activities of which affected, interstate or foreign commerce, on or about February 4, 2005;
>
> *Third:* the charged enterprise was an enterprise engaged in "racketeering activity" as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1), on or about February 4, 2005;
>
> *Fourth:* Mr. Cordova committed one of the following crimes -- or conspired or attempted to commit one of these crimes -- which crime violated state or federal laws: murder, assault with a dangerous weapon, and assault with dangerous weapon resulting in serious bodily injury, on or about February 4, 2005[2]; and
>
> *Fifth:* the crime of violence[3] was committed either: (i) as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from the charged enterprise; or (ii) for the purpose of gaining entrance to or maintaining or increasing position in the charged enterprise.

Third Proposed Preliminary Jury Instructions at 4-5. The Court overrules the United States' Objections.

---

[2]The Court proposed changing this element to: "*Fourth:* Mr. Cordova committed murder, which violated state or federal laws, on or about February 4, 2005; and . . ." Proposed Change Sheet, filed July 16, 2018 (Doc. 837). See Draft Trial Transcript at 5:6-17 (taken July 9, 2018) (Court)(The Court's citations to the hearing's transcript refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.). The Court made that change, because 18 U.S.C. § 3282 prevents Cordova from being prosecuted for offenses that allegedly occurred on February 4, 2005 and are not punishable by death, such as all non-murder VICAR offenses. See 18 U.S.C. § 3282(a)("[N]o person shall be prosecuted . . . for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.). Thus, the jury can return a guilty verdict on Count 2 only if it concludes, beyond a reasonable doubt, that Cordova committed a VICAR murder and not some other VICAR offense. The parties agreed to the change, see Tr. at 5:21-23 (Court, Castellano, Acton), and the change is reflected in the Court's Fourth Proposed Preliminary Jury Instructions at 5, filed July 9, 2018 (Doc. 794).

[3]After the parties agreed to change the fourth element to refer to Cordova committing murder, the parties and the Court agreed to change the fifth element to read "the murder was committed . . ." rather "the crime of violence was committed." Draft Trial Transcript at 3:5-14 (taken July 11, 2018)(Court, Castellano, Acton); Court's Sixth Proposed Preliminary Jury Instructions at 5, filed July 11, 2018 (Doc. 805).

## PROCEDURAL BACKGROUND

In the Court's Second Proposed Jury Instructions, the Court states:

> To find Mr. Cordova guilty of the crime of Committing Violent Crimes in Aid of Racketeering, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> *First:* the existence of an "enterprise" as defined in 18 U.S.C. § 1959(b)(2);
>
> *Second:* the charged enterprise engaged in, or its activities affected, interstate or foreign[4] commerce;
>
> *Third:* the charged enterprise engaged in "racketeering activity" as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1);
>
> *Fourth:* Mr. Cordova committed one of the following crimes -- or conspired or attempted to commit one of these crimes -- which crime violated state or federal laws: murder, assault with a dangerous weapon, and assault with dangerous weapon resulting in serious bodily injury; and
>
> *Fifth:* the crime of violence was committed either: (i) as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from the charged enterprise; or (ii) for the purpose of gaining entrance to or maintaining or increasing position in the charged enterprise.

Court's Second Proposed Preliminary Jury Instructions at 4-5, filed July 5, 2018 (Doc. 775).

Cordova objected to the Second Proposed Jury Instructions, because, according to Cordova, an instruction regarding VICAR's first and third elements "should contain a temporal requirement, i.e., that the enterprise existed at the time of the VICAR predicate act and that the enterprise was engaged in racketeering activity at the time of the VICAR predicate act."

---

[4]The Court removed the words "or foreign" from this element, so that, beginning with the Court's Fifth Proposed Preliminary Instructions, the second element reads "the charged enterprise engaged in, or its activities affected, interstate commerce." Court's Fifth Proposed Preliminary Instructions at 5, July 9, 2018 (Doc. 794). See Draft Trial Transcript at 2:21-3:4 (taken July 11, 2018)(Court, Castellano)(the United States agreeing to the change); id. at 3:15-19 (Court, Acton)(Cordova agreeing to the change). See also Court's Sixth Proposed Preliminary Jury Instructions at 5.

Defendant Anthony Cordova's Objection to the Court's Second Proposed Preliminary Jury Instruction at 1-2, filed July 5, 2018 (Doc. 778)("Cordova Objection").  Specifically, Cordova asked the Court to amend the first and third VICAR elements so that they conclude with the phrase "at the time of the alleged crime of violence."  Cordova Objection at 2.

The Court granted, in essence, the Cordova Objection when, in the Third Preliminary Jury Instructions, the Court included a temporal requirement in its VICAR instruction. Specifically, the Court appended the phrase "on or about February 4, 2005," to the first four VICAR elements, e.g., "the existence of an 'enterprise' as defined in 18 U.S.C. § 1959(b)(2), on or about February 4, 2005."  Third Proposed Jury Instructions at 4-5.

The United States objected to the Court's Third Proposed Jury Instructions.  See Objection at 1.  The United States contends that, in United States v. DeLeon, CR No. 15-4268, the United States made a similar objection to the VICAR instructions in the Court's Eighth Proposed Jury Instructions, filed March 1, 2018 (Doc. 1864), which the Court sustained.  See United States' Objections to Court's Eighth Proposed Jury Instructions, filed March 2, 2018 (Doc. 1849)("DeLeon Objection").  In the DeLeon Objection, the United States argued:

> The government objects to the requirement in the first paragraph that the enterprise "was engaged in racketeering activity on or around the time of the violent crime charged in that count of the indictment."  See United States v. Booth, 1999 WL 1192317, *4 (S.D.N.Y. 1999)("Similarly, here, Booth is correct to note that § 1959 fails to impose either quantifiable, or temporal, requirements in defining when an enterprise is engaged in racketeering activity. But we do not believe that the Constitution requires it to do so.).

DeLeon Objection at 3.[5]  The Court's Final Jury Instructions in United States v. DeLeon,

---

[5]The United States essentially objected to language that it proposed two months earlier. See Proposed Jury Instructions at 25, filed January 12, 2018 (Doc. 1635)(proposing that the jury instructions read: "The third element which the Government must prove beyond a reasonable doubt as to Counts 6, 7, 8, 9, 10 is that the enterprise was engaged in racketeering activity **on or**

15-4268, did not include the phrase to which the United States objected, see Court's Final Jury Instructions at 33-35, filed March 5, 2018 (Doc. 1877).

Cordova responds to the United States' Objection, arguing that the United States' reliance on United States v. Booth is misguided. See Defendant Anthony Cordova's Response to the Government's Objection to the Court's Third Proposed Preliminary Jury Instruction, filed July 9, 2018 (Doc. 795)("Response"). According to Cordova, United States v. Booth stands for the proposition that "the Constitution does not require the [VICAR] statute to specify how broad a time period constitutes being 'engaged in' racketeering activity." Response at 1 (citing United States v. Booth, 1999 WL 1192317, at *4). Cordova contends that United States v. Booth recognizes that, in a VICAR case, the United States must prove that the relevant enterprise had been "presently engaged in racketeering activity at the time of the VICAR crime." Motion at 2-3 (citing States v. Booth, 1999 WL 1192317, at *4).

## **ANALYSIS**

The Court overrules the Objection. VICAR does not contain an express temporal requirement for an enterprise's existence or engagement in racketeering activity, but the statute contains a de facto temporal requirement. To establish VICAR's purpose element, the United States must prove that a defendant committed a violent crime "as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity" 18 U.S.C. § 1959(a). If no enterprise exists or if no enterprise is engaged in racketeering activity, then it is

---

**around the time of the violent crime charged in that count of the indictment**" (emphasis added)).

- 5 -

impossible to receive "anything of pecuniary value" or "a promise or agreement to pay, anything of pecuniary value" from an "enterprise engaged in racketeering activity." 18 U.S.C. § 1959(a). Joining an enterprise engaged in racketeering activity and "maintaining or increasing position in" such an enterprise is likewise impossible. 18 U.S.C. § 1959(a). Thus, outside exceptional circumstances that are not implicated by the evidence in this case,[6] establishing VICAR's purpose element requires the United States to prove that an enterprise both existed and engaged in racketeering activity when a defendant committed a crime of violence.[7]

---

[6]It is possible, strictly speaking, to commit a crime of violence for the purpose of joining an enterprise engaged in racketeering activity that does not exist when the crime of violence occurs. For example, two criminals might plan on forming a new racketeering enterprise, but each criminal might be unwilling to act on that plan until the other proves that he or she is serious by committing a violent crime. In that scenario, the criminals could both commit violent crimes for the purpose of creating -- and, hence, joining -- an enterprise that did not yet exist.

[7]The United States Court of Appeals for the Ninth Circuit's pattern jury instructions feature a temporal element in its VICAR elements:

> The defendant is charged in Count _____ of the indictment with [committing] [attempting to commit] [conspiracy to commit] a crime of violence, specifically, [specify crime of violence] in aid of a racketeering enterprise in violation of Section 1959 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
>
> First, **on or about the time period described in Count _____**, an enterprise affecting interstate commerce existed;
>
> Second, the enterprise engaged in racketeering activity;
>
> Third, the defendant [committed] [attempted to commit] [conspired to commit] the following crime of violence: [specify crime of violence] as defined in [specify jury instruction stating all elements of predicate crime of violence]; [and]
>
> Fourth, that the defendant's purpose in [[committing] [attempting to commit] [conspiring to commit]] [specify crime of violence] was to gain entrance to, or to maintain, or to increase [his] [her] position in the enterprise[.] [and]

To be clear, VICAR does not require the United States to prove that the SNM committed specific racketeering acts on or about February 4, 2005. The United States needs only to show that the SNM was, at that time, engaging in racketeering activity in a systematic way. Just as the Dallas Cowboys is an enterprise engaged in professional football year-round even though the football season begins in the fall and ends in the winter, an enterprise can be engaged in racketeering activity over an extended period of time without continuously committing racketeering acts. In other words, the United States must show that the SNM was in the racketeering business on or about February 4th, 2005, but it does not need to show that the SNM engaged in a racketeering act on or about that date.

In both United States v. DeLeon trials, the Court did not include an explicit temporal reference in its final jury instructions. The Court included, however, implicit temporal references insofar as the Court instructed the jury that, to return a guilty verdict, it would have to find, beyond a reasonable doubt, that an enterprise existed as alleged in the Indictment. See Court's Final Jury Instructions at 34 (Instruction No. 25), filed May 23, 2018 (Doc. 2303)("Second Trial Instructions"); Court's Final Jury Instructions at 32 (Instruction No. 25), filed March 5, 2018 (Doc. 1877)("First Trial Instructions"). The portions of the Indictment

---

[Fifth, the defendant did something that was a substantial step toward committing the crime.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.]

Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.151, at 318 (2010)(emphasis added).

that those instructions reproduced tracked VICAR's language closely; for example, the Second Trial Instructions states:

> **On or about March 26, 2001**, in Doña Ana County, in the District of New Mexico, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), or for the purpose of gaining entrance to or maintaining or increasing position in the Syndicato de Nuevo Mexico Gang (SNM), **an enterprise engaged in racketeering activity**, the defendants . . . did unlawfully, knowingly, and intentionally murder Frank Castillo, in violation of NMSA 1978, Sections 30-2-1 and 30-1-13.

Second Trial Instructions at 28 (Instruction No. 23)(emphases added). See First Trial Instructions at 26 (Instruction No. 22)(giving a similar instruction regarding Javier Molina's murder). Thus, because the final jury instructions in United States v. DeLeon tracked the statutory language, as shown above, those instructions also contain an explicit temporal element.

Even if the jury instructions in the United States v. DeLeon had omitted a temporal element, that error would have been both harmless, and invited by the Defendants. The United States, the Trial 1 Defendants, and the Trial 2 Defendants never introduced any evidence indicating that the SNM ceased to exist as an enterprise or ceased to engage in racketeering activity; either the SNM was an enterprise engaged in racketeering activity or it was not. Thus, omitting a temporal element would not have undermined either jury's verdict, so such an omission would have been harmless.

Omitting a temporal element would also have been invited error, because both the Trial 1 Defendants and the Trial 2 Defendants asked the Court to model its instructions on the United States Court of Appeals for the Fifth Circuit's pattern VICAR instructions, which contain no temporal requirement. See Fifth Circuit Pattern Jury Instruction (Criminal Cases) § 2.78, at

382-87 (2015).[8] The Trial 1 Defendants based their proposed instruction setting out the elements of a VICAR offense on the Fifth Circuit pattern instructions. See Defendants Proposed Jury

---

[8]The Fifth Circuit's Pattern Jury Instructions for VICAR read:

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the enterprise existed as alleged in the indictment;

Second: That the enterprise was engaged in interstate [foreign] commerce or that its activities affected interstate [foreign] commerce;

Third: That the enterprise was engaged in racketeering activity;

Fourth: That the defendant committed [threatened to commit] [attempted to commit] [conspired to commit] the following crime[s] of violence (specify crime[s] of violence). I will [have already] instruct[ed] you on what the government must prove to establish that the defendant committed this [these] act[s]; and

[If the violent crime(s) are not charged in separate counts, instructions on the elements of each crime will need to be given as part of this VICAR charge.]

Fifth: That the defendant's purpose in committing [threatening to commit] [attempting to commit] [conspiring to commit] the crime[s] of violence was to gain entrance to, or to maintain, or to increase his position in the enterprise [as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from the enterprise].

[If the purpose is to "gain entrance to, or to maintain, or to increase his position in the enterprise," include the following language: It is not necessary for the government to prove that this was the sole purpose of the defendant in committing the charged crime. You need only find that it was a substantial purpose, or that the defendant committed the charged crime as an integral aspect of membership in the enterprise. In determining the defendant's purpose in committing the alleged crime, you must determine what he had in mind. Because you cannot look into a person's mind, you have to determine purpose by considering all of the facts and circumstances before you.]

An "enterprise" includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact

Instructions at 83-86, filed January 12, 2018 (Doc. 1641)(Instruction No. 49)(citing <u>Fifth Circuit Pattern Jury Instruction (Criminal Cases)</u> § 2.78).⁹ They also objected to the United States'

---

      although not a legal entity, which is engaged in, or the activities of which affect, interstate or foreign commerce.

      Although the enterprise must be separate and apart from the pattern of racketeering activity in which the enterprise allegedly engaged, it is not necessary to find that the enterprise had some function wholly unrelated to the racketeering activity. The enterprise must be proved to have been an ongoing organization, formal or informal, that functioned as a continuing unit.

      The enterprise is "engaged in interstate [foreign] commerce" if it directly engaged in the production, distribution, or acquisition of goods or services in such commerce. The enterprise's conduct affected" interstate [foreign] commerce if the conduct had a demonstrated connection or link with such commerce.

      It is not necessary for the government to prove that the defendant knew or intended that the enterprise was engaged in commerce or that its conduct would affect commerce. It is only necessary that the natural consequences of the enterprise's conduct affected commerce in some way. Only a minimal effect on commerce is necessary.

      "Racketeering activity" means the commission of certain crimes, including ——— (insert crime[s] alleged as racketeering activities in the indictment, e.g., narcotics trafficking), in violation of ———— (insert statute of crime, e.g., 21 U.S.C. §§ 841(a)(1) and 846). There must be some nexus between the enterprise and the racketeering activity being conducted by members and/or associates of the enterprise. [Insert instructions on the elements of each racketeering activity.]

<u>Fifth Circuit Pattern Jury Instruction (Criminal Cases)</u> § 2.78, at 382-87 (2015).

⁹The Defendants Proposed Jury Instructions' proposed language for the VICAR charge reads in part:

      For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

      First: That the enterprise existed as alleged in the Second Superseding Indictment;

Second: That the enterprise was engaged in interstate [foreign] commerce or that its activities affected interstate [foreign] commerce;

Third: That the enterprise was engaged in racketeering activity;

Fourth: That the defendant committed [threatened to commit] [attempted to commit] [conspired to commit] the following crime[s] of violence:

> Count 6 (Defendants Anthony Ray Baca, Daniel Sanchez, Carlos Herrera, and Rudy Perez): conspiracy to murder J.M.;
>
> Count 7 (Defendants Anthony Ray Baca, Daniel Sanchez, Carlos Herrera, and Rudy Perez): murder of J.M.;
>
> Count 8 (Defendant Anthony Ray Baca): conspiracy to commit assault resulting in serious bodily injury to J.R.;
>
> Count 9(Defendant Anthony Ray Baca): conspiracy to murder D.S.
>
> Count 10(Defendants Anthony Ray Baca and Christopher Garcia): conspiracy to murder G.M..

I will [have already] instruct[ed] you on what the government must prove to establish that the defendant committed this [these] act[s]; and

[If the violent crime(s) are not charged in separate counts, instructions on the elements of each crime will need to be given as part of this VICAR charge.]

Fifth: That the defendants' purpose in committing [threatening to commit] [attempting to commit] [conspiring to commit] the crime[s] of violence was to gain entrance to, or to maintain, or to increase his position in the enterprise [as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from the enterprise]. [If the purpose is to "gain entrance to, or to maintain, or to increase his position in the enterprise," include the following language: It is not necessary for the government to prove that this was the sole purpose of the defendant in committing the charged crime. You need only and that it was a substantial purpose, or that the defendant committed the charged crime as an integral aspect of membership in the enterprise. In determining the defendant's purpose in committing the alleged crime, you must determine what he had in mind. Because you cannot look into a person's mind, you have to determine purpose by considering all of the facts and circumstances before you.]

proposed instruction setting out VICAR's elements, because that instruction did not track the Fifth Circuit's pattern instructions. See Defendants' Joint Objections to the United States' Proposed Jury Instructions (Doc. 1635), filed January 19, 2018 (Doc. 1663)(faulting the United States for proposing a VICAR instruction that "is not a pattern instruction adopted by any Circuit," and adding that "the Defendants have proposed to use the Fifth Circuit pattern instruction and associated definitions to instruct the jury about VICAR crimes, and the Court should use that instruction as well as the definitions associated with it."). Late in the first United States v. DeLeon trial, the Defendants submitted another set of proposed instructions, and those instructions set out VICAR's elements and did not contain a temporal requirement. See Proposed Edits to Jury Instructions (redlined) at 32-34 (Instruction No. 26), filed February 25, 2018 (Doc. 1827-1).[10] The Trial 1 Defendants subsequently objected to an instruction setting out

---

Defendants Proposed Jury Instructions at 83-86 (Instruction No. 49)(citing Fifth Circuit Pattern Jury Instruction (Criminal Cases) § 2.78)(emphases omitted).

[10]The Proposed Edits to Jury Instructions (redlined) state:

For you to find any defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the enterprise existed;

Second: That the enterprise was engaged in interstate commerce or that it's activities affected interstate commerce;

Third: That the enterprise was engaged in racketeering activity;

Fourth: That the defendant committed a crime of violence as alleged in the indictment:

Count 1: Conspiracy to murder Javier Molina;

Count 2: Murder of Javier Molina;

VICAR's elements "being given in any other form." Defendants Joint Objections to Court's Eighth Proposed Jury Instructions at 5-6, filed March 1, 2018 (Doc. 1847). The Defendants in the second United States v. DeLeon trial likewise asked the Court to use a set of jury instructions that set out VICAR's elements without including a temporal element. See Trial 2 Defendants' Proposed Jury Instructions at 35-38 (Instruction No. 26), filed March 23, 2018 (Doc. 1970)(citing Fifth Circuit Pattern Jury Instruction (Criminal Cases) § 2.78).

**IT IS ORDERED** that Plaintiff United States of America's objection -- which the United States articulates in the Email from Randy Castellano to the Court (dated July 8, 2018), filed July 16, 2018 (Doc. 836)("Objection") -- to the Court's Third Proposed Preliminary Jury Instructions, filed July 8, 2018 (Doc. 784), is overruled.

_____
UNITED STATES DISTRICT JUDGE

---

Count 3: Conspiracy to commit assault resulting in serious bodily injury of Julian Romero;

Count 4: Conspiracy to murder Dwayne Santistevan; and

Count 5: Conspiracy to murder Gregg Marcantel.

I will instruct you on what the government must prove to establish that a particular defendant committed any one of these acts;

Fifth: the defendant's purpose in committing was [sic] to gain entrance to, or to maintain, or to increase his position in the enterprise.

Proposed Edits to Jury Instructions (redlined) at 32-34.

*Counsel:*

Fred Federici
   Attorney for the United States
     Acting Under Authority Conferred by 28 USC § 515
Albuquerque, New Mexico

--and--

Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
   Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

     *Attorneys for the Plaintiff*

Theresa M. Duncan
Duncan, Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

     *Attorneys for Defendant Anthony Ray Baca*

Christopher W. Adams
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

     *Attorneys for Defendant Christopher Garcia*

Todd Bruce Hotchkiss
Todd B. Hotchkiss, Attorney at Law, LLC
Albuquerque, New Mexico

    *Attorney for Manuel Jacob Armijo*

Louis E. Lopez, Jr.
El Paso, Texas

    *Attorney for Frederico Munoz*

Donald F. Kochersberger, III-
Business Law Southwest, LLC

    *Attorney for Sergio Loya Rodriguez*

Susan Burgess-Farrell
Barry G. Porter
Burgess & Porter Law, LLC
Albuquerque, New Mexico

    *Attorneys for Manuel Benito*

Diego R. Esquibel
The Barnett Law Firm
Albuquerque, New Mexico

--and--

R. Scott Reisch
Reisch Law Firm, LLC
Denver, Colorado

    *Attorneys for Vincent Garduno*

Marc Grano
Grano Law Offices
Las Vegas, New Mexico

    *Attorney for Mandel Lon Parker*

James Baiamonte
Albuquerque, New Mexico

--and--

Ahmad Assed
Ahmad Assed & Associates
Albuquerque, New Mexico

  *Attorneys for Daniel Archuleta*

Lauren Noriega
The Noriega Law Firm
Los Angeles, California

--and--

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

  *Attorneys for Defendant Daniel Sanchez*

Marcia A. Morrissey
Santa Monica, California

--and--

Gregory M. Acton
Albuquerque, New Mexico

  *Attorneys for Anthony Cordova*

Scott Moran Davidson
Albuquerque, New Mexico

--and--

Laura E. Udall
Cooper & Udall, PC
Tucson, Arizona

--and--

Billy R. Blackburn
Albuquerque, New Mexico

  *Attorneys for Defendant Arturo Arnulfo Garcia*