**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR 16-1613 JB

ANTHONY RAY BACA, a.k.a. "Pup"; CHRISTOPHER GARCIA; MANUEL JACOB ARMIJO, a.k.a. "Big Jake"; FREDERICO MUNOZ, a.k.a. "Playboy"; SERGIO LOYA RODRIGUEZ, a.k.a "Churro"; MANUEL BENITO, a.k.a. "Panther"; VINCENT GARDUÑO, a.k.a. "Fatal"; MANDEL LON PARKER, a.k.a. "Chuco"; DANIEL ARCHULETA, a.k.a. "Smurf"; DANIEL SANCHEZ, a.k.a. "Dan Dan"; ANTHONY CORDOVA, a.k.a. "Antone," and ARTURO ARNULFO GARCIA, a.k.a. "Shotgun,"

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Anthony Cordova's objection to the introduction of jail calls between him and his attorney, Ms. Marcia A. Morrissey, on grounds of attorney-client privilege. See Draft Transcript of Trial Day 7 at 349:14-16 (taken July 17, 2018)(Morrissey)("Tr.").[1] Plaintiff United States of America contends that the attorney-client privilege does not apply, because the telephone calls were "subject to monitoring and recording." Tr. at 349:24-25 (Castellano). Cordova did not make the telephone calls on the attorney line. See

[1]The Court's citations to the transcript of the trial refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Tr. at 349:21-22 (Castellano). Ms. Morrissey did not, however, hear the preamble warning that the call was recorded on the jail telephone line from which Cordova made the calls, see Tr. at 349:21-350:5 (Morrissey), because Cordova made the calls to his wife, who then began a three-way call with Ms. Morrissey, see Tr. at 350:2-5 (Morrissey).

The Court concludes that, despite Ms. Morrissey's lack of knowledge about the preamble, the attorney-client privilege does not apply. "The attorney-client privilege is lost if the client discloses the substance of an otherwise privileged communication to a third party." United States v. Ryans, 903 F.2d 731, 741 n.13 (10th Cir. 1990)(citing United States v. Bump, 605 F.2d 548 (10th Cir. 1979); United States v. Jones, 696 F.2d 1069 (4th Cir. 1982)); United States v. Bump, 605 F.2d at 551 ("Even if the privilege exists it is waived when the client voluntarily reveals the information to another or his attorney does so with his consent."). "This is true even if the disclosure is inadvertent." United States v. Ryans, 903 F.2d at 741 n.13 (citing In re Grand Jury Proceedings, 727 F.2d 1352, 1356 (4th Cir. 1984); Weil v. Inv./Indicators, Res. & Mgmt., Inc., 647 F.2d 18, 24 (9th Cir. 1981); In re Grand Jury Investigation, 604 F.2d 672, 675 (D.C. Cir. 1979); 8 Wigmore on Evidence § 2327 at 635 (McNaughton rev. 1961 & 1987 Supp.)). Cordova -- the client -- heard the preamble, and should have known that the calls were monitored and recorded. Moreover, Cordova's subjective intent regarding whether to disclose the information and Ms. Morrissey's misconception that the calls were confidential are irrelevant. Cordova disclosed the information. Accordingly, the Court denies Cordova's objection.

**IT IS ORDERED** that Defendant Anthony Cordova's objection to the introduction of jail calls between him and his attorney, Marcia A. Morrissey, on grounds of attorney-client privilege is overruled.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred Federici
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515
Albuquerque, New Mexico

--and--

Maria Ysabel Armijo
Randy M. Castellano
Matthew M. Beck
Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

*Attorneys for the Plaintiff*

Theresa M. Duncan
Duncan Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

*Attorneys for Defendant Anthony Ray Baca*

Christopher W. Adams
The Law Office of Christopher W. Adams, P.C.
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Christopher Garcia*

Todd Bruce Hotchkiss
Todd B. Hotchkiss, Attorney at Law, LLC
Albuquerque, New Mexico

    *Attorney for Defendant Manuel Jacob Armijo*

Louis E. Lopez, Jr.
Louis Lopez Law
El Paso, Texas

    *Attorney for Defendant Frederico Munoz*

Donald F. Kochersberger, III
Business Law Southwest, LLC
Albuquerque, New Mexico

--and--

Pamela Sullivan
Law Office of Pamela Sullivan
Albuquerque, New Mexico

    *Attorneys for Defendant Sergio Loya Rodriguez*

Susan Burgess-Farrell
Barrett G. Porter
Burgess & Porter Law, LLC
Albuquerque, New Mexico

    *Attorneys for Defendant Manuel Benito*

Diego R. Esquibel
The Barnett Law Firm
Albuquerque, New Mexico

--and--

R. Scott Reisch

Reisch Law Firm, LLC
Denver, Colorado

    *Attorneys for Defendant Vincent Garduño*

Marc Grano
Grano Law Offices
Las Vegas, New Mexico

    *Attorney for Defendant Mandel Lon Parker*

James Baiamonte
Law Office of James P. Baiamonte Esq.
Albuquerque, New Mexico

--and--

Ahmad Assed
Ahmad Assed & Associates
Albuquerque, New Mexico

    *Attorneys for Defendant Daniel Archuleta*

Lauren Noriega
The Noriega Law Firm
Los Angeles, California

--and--

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

    *Attorneys for Defendant Daniel Sanchez*

Marcia A. Morrissey
Law Office of Marcia A. Morrissey
Santa Monica, California

--and--

Gregory M. Acton
Acton Law Firm P.C.
Albuquerque, New Mexico

*Attorneys for Defendant Anthony A. Cordova*

Scott Moran Davidson
The Law Office of Scott M. Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Billy R. Blackburn Law Office
Albuquerque, New Mexico

--and--

Laura E. Udall
Cooper & Udall, PC
Tucson, Arizona

*Attorneys for Defendant Arturo Arnulfo Garcia*