IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                         No. CR 16-1613 JB

ANTHONY RAY BACA, a.k.a. "Pup";
CHRISTOPHER GARCIA; MANUEL
JACOB ARMIJO, a.k.a. "Big Jake";
FREDERICO MUNOZ, a.k.a. "Playboy";
SERGIO LOYA RODRIGUEZ, a.k.a
"Churro"; MANUEL BENITO, a.k.a.
"Panther"; VINCENT GARDUÑO, a.k.a.
"Fatal"; MANDEL LON PARKER, a.k.a.
"Chuco"; DANIEL ARCHULETA, a.k.a.
"Smurf"; DANIEL SANCHEZ, a.k.a.
"Dan Dan"; ANTHONY A. CORDOVA,
a.k.a. "Antone," and ARTURO
ARNULFO GARCIA, a.k.a. "Shotgun,"

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the wording of Jury Instruction Numbers 28 and 29, and of the Special Verdict Form in the Court's Sixth Proposed Jury Instructions at 40-42, 58-59, filed July 20, 2018 (Doc. 861)("Sixth Proposed Jury Instructions");[1] and (ii) Defendant

---

[1]The full Jury Instruction No. 28 reads:

    The fifth and final element of Count 2 that the government must prove beyond a reasonable doubt is that Mr. Cordova's general purpose in committing the murder was either:

        a.    as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from the charged enterprise,

Anthony Cordova's objection to the Sixth Proposed Jury Instructions' Jury Instruction No. 30,[2] see Email from Greg Acton to Carol Bevel (sent July 21, 2018), filed July 23, 2018 (Doc. 878)("Objections"). The primary issues are: (i) whether the Court should change the Sixth Proposed Jury Instructions' language describing the purpose element of Violent Crimes in Aid of Racketeering Activity, 18 U.S.C. § 1959 ("VICAR"), from "as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from the charged enterprise," Sixth Proposed Jury Instructions Nos. 28-29, Special Verdict Form, at 40, 42, 58, to "as consideration for a promise or agreement to pay anything of pecuniary value from the charged enterprise," Court's Seventh Proposed Jury Instructions Nos. 28-29, Special Verdict Form, at 42, 44, 59, filed July 23, 2018 (Doc. 876)("Seventh Proposed Jury Instructions"); and (ii) whether the Court should add to the first element of the Sixth Proposed Jury Instructions' Instruction No. 30

---

*or*

    b. for the purpose of gaining entrance to, or maintaining, or increasing position in the enterprise.

Sixth Proposed Jury Instructions No. 28, at 40 (emphasis in Sixth Proposed Jury Instructions). Jury Instruction No. 29 repeats from the above quotation the language "Mr. Cordova's general purpose in committing the murder" to the quotation's end. See Sixth Proposed Jury Instructions No. 29, at 41. The Special Verdict Form asks the Jury:

    Does the Jury unanimously find that the Plaintiff United States of America has proved the fifth and final element of Count 2 by showing beyond a reasonable doubt that the defendant, Anthony Cordova's general purpose in committing murder was as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from the charged enterprise?

Sixth Proposed Jury Instructions Special Verdict Form, at 58.

    [2]The Jury Instruction No. 30's first element states in full: "Mr. Cordova murdered Mr. Dix." Sixth Proposed Jury Instructions No. 30, at 43

the language "as charged in count [2] of the indictment," Objections at 2; cf. Tenth Circuit Criminal Pattern Jury Instructions § 2.45, at 162-63 (2018), to clarify that, to convict Cordova on Count 3 for using or carrying a firearm during commission of a crime of violence, 18 U.S.C. § 924(c), (j)(1), the Jury must convict Cordova on Count 2's VICAR charge, cf. Superseding Indictment at 54, filed March 9, 2017 (Doc. 372)("Indictment").  The Court makes both changes to the Sixth Proposed Jury Instructions.

The Court, as it explained at trial on July 23, 2018, see Draft Transcript of Trial Day 11 at 42:16-44:8 (taken July 23, 2018)(Court)("Tr."),[3] adopts the language "as consideration for a promise or agreement to pay anything of pecuniary value from the charged enterprise" for Jury Instructions Nos. 28 and 29, and for the Special Verdict Form, to avoid confusion whether an expectation of the receipt of something of pecuniary value satisfies VICAR's motive requirement. The United States of America Court of Appeals for the Tenth Circuit clarified in United States v. Wicklund, 114 F.3d 151 (10th Cir. 1997), that the language "as consideration for the receipt of" "means consideration in the traditional sense of bargained for exchange.  The two uses of 'as consideration for' in the statute cover the two murder-for-hire situations: payment now or a promise or agreement to pay in the future."  United States v. Wicklund, 114 F.3d at 154.  The Tenth Circuit has rejected the interpretation of "as consideration for the receipt of" as "in expectation of the receipt of anything of pecuniary value."  See United States v. Wicklund, 114 F.3d at 154.  Although the language "as consideration for the receipt of" tracks VICAR's language, see 18 U.S.C. § 1959(a), the Court worries that including such language risks an appeal on grounds

---

[3]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

that Plaintiff United States proved an expectation of the receipt of property but not contractual consideration for the property.  Removing the language limits the jury instruction to only wording -- "as consideration for a promise or agreement to pay anything of pecuniary value from the charged enterprise" -- reflecting the Tenth Circuit's theory of "as consideration for the receipt of" as contractual consideration.  Both the United States and Cordova have agreed to this change.  See Tr. at 44:9-11 (Castellano); id. at 45:15-16 (Acton).

The Court adopts Cordova's proposed addition to Jury Instruction No. 30, because the Court agrees with Cordova that a person violates § 924(c) only when committing a crime of violence "for which the person may be prosecuted in a court of the United States," 18 U.S.C. § 924(c)(1)(A), and VICAR, Count 2, is the federal crime with which the United States charges Cordova.  See Objections at 2-3; Indictment at 54.  The United States offers as alternative language to Cordova's proposal -- "Mr. Cordova murdered Mr. Dix, as charged in Count 2."  Email from Randy Castellano to Greg Acton, Carol Bevel (sent July 22, 2018), filed July 23, 2018 (Doc. 877).  The Court prefers Cordova's proposal, which follows the Tenth Circuit Criminal Pattern Jury Instruction.  Compare Objections at 2, with Tenth Circuit Criminal Pattern Jury Instructions § 2.45, at _144.  Although Cordova worried that Instruction No. 30 remains ambiguous such that the Jury might reason that Cordova violated § 924(c)(1)(A) by committing a murder and without meeting all VICAR's requirements, see Tr. at 48:9-21 (Acton), the Court reassured Cordova that it would not permit inconsistent verdicts, see Tr. at 49:24-25 (Court), and the parties thereafter agreed to the Objections' proposed language and to disallow inconsistent

verdicts, see Tr. at 50:1 (Beck); id. at 50:6-9 (Acton); id. at 51:1-6 (Court, Beck, Acton).[4] Accordingly, the Court makes both changes to the Sixth Proposed Jury Instructions.

**IT IS ORDERED** that: (i) the language "as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from the charged enterprise" in Jury Instruction Numbers 28 and 29, and the Special Verdict Form in the Court's Sixth Proposed Jury Instructions at 40-42, 58-59, filed July 20, 2018 (Doc. 861)("Sixth Proposed Jury Instruction"), is changed to "as consideration for a promise or agreement to pay anything of pecuniary value from the charged enterprise," Court's Seventh Proposed Jury Instructions, Nos. 28-29, Special Verdict Form, at 42, 44, 59, filed July 23, 2018 (Doc. 876); (ii) Defendant Anthony Cordova's request regarding the Sixth Proposed Jury Instructions' Jury Instruction No. 30, see Email from Greg Acton to Carol Bevel (sent July 21, 2018), filed July 23, 2018 (Doc. 878)("Objections"), is granted; and (iii) the language "as charged in count [2] of the indictment," Objections at 2; cf. Tenth Circuit Criminal Pattern Jury Instructions § 2.45, at 162-63 (2018), is added to the first element of the Sixth Proposed Jury Instructions' Instruction No. 30.

---

[4]Although the Court made these statements at the trial, the Court did not indicate its plan should the Jury return an acquittal on Count 2 and a conviction on Count 3, and recognizes here the Supreme Court of the United States' reluctance to question juries' inconsistent verdicts. See generally United States v. Powell, 469 U.S. 57 (1984). The Supreme Court has concluded that inconsistent verdicts in a case such as this one -- where "the trial judge instructs the jury that it must find the defendant guilty of the predicate offense to convict on the compound offense" -- are not reviewable on appeal. United States v. Powell, 469 U.S. at 68-69. In United States v. Powell, the Supreme Court considered an appeal from a verdict wherein the jury acquitted the defendant of possessing and conspiring with the intent to distribute cocaine, but convicted on the crime of using a telephone to commit a conspiracy to possess with the intent to distribute and possession with the intent to distribute cocaine. See United States v. Powell, 469 U.S. at 60. In the Supreme Court's view, inconsistent verdicts do not necessarily show a jury's conviction of a defendant's innocence but might reflect the jury's lenity, and as such do not reveal whether the defendant or the United States lost a count. See United States v. Powell, 469 U.S. at 65-66.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred Federici
  Attorney for the United States
    Acting Under Authority Conferred by 28 U.S.C. § 515
Albuquerque, New Mexico

--and--

Maria Ysabel Armijo
Randy M. Castellano
Matthew M. Beck
  Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

    *Attorneys for the Plaintiff*

Theresa M. Duncan
Duncan Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

    *Attorneys for Defendant Anthony Ray Baca*

Christopher W. Adams
The Law Office of Christopher W. Adams, P.C.
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

>*Attorneys for Defendant Christopher Garcia*

Todd Bruce Hotchkiss
Todd B. Hotchkiss, Attorney at Law, LLC
Albuquerque, New Mexico

>*Attorney for Defendant Manuel Jacob Armijo*

Louis E. Lopez, Jr.
Louis Lopez Law
El Paso, Texas

>*Attorney for Defendant Frederico Munoz*

Donald F. Kochersberger, III
Business Law Southwest, LLC
Albuquerque, New Mexico

--and--

Pamela Sullivan
Law Office of Pamela Sullivan
Albuquerque, New Mexico

>*Attorneys for Defendant Sergio Loya Rodriguez*

Susan Burgess-Farrell
Barrett G. Porter
Burgess & Porter Law, LLC
Albuquerque, New Mexico

>*Attorneys for Defendant Manuel Benito*

Diego R. Esquibel
The Barnett Law Firm
Albuquerque, New Mexico

--and--

R. Scott Reisch
Reisch Law Firm, LLC
Denver, Colorado

>*Attorneys for Defendant Vincent Garduño*

Marc Grano
Grano Law Offices
Las Vegas, New Mexico

>*Attorney for Defendant Mandel Lon Parker*

James Baiamonte
Law Office of James P. Baiamonte Esq.
Albuquerque, New Mexico

--and--

Ahmad Assed
Ahmad Assed & Associates
Albuquerque, New Mexico

>*Attorneys for Defendant Daniel Archuleta*

Lauren Noriega
The Noriega Law Firm
Los Angeles, California

--and--

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

>*Attorneys for Defendant Daniel Sanchez*

Marcia A. Morrissey
Law Office of Marcia A. Morrissey
Santa Monica, California

--and--

Gregory M. Acton
Acton Law Firm P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Anthony A. Cordova*

Scott Moran Davidson
The Law Office of Scott M. Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Billy R. Blackburn Law Office
Albuquerque, New Mexico

--and--

Laura E. Udall
Cooper & Udall, PC
Tucson, Arizona

    *Attorneys for Defendant Arturo Arnulfo Garcia*