IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                    No. CR 16-1613 JB

ANTHONY RAY BACA, a.k.a. "Pup";
CHRISTOPHER GARCIA; MANUEL
JACOB ARMIJO, a.k.a. "Big Jake";
FREDERICO MUNOZ, a.k.a. "Playboy";
SERGIO LOYA RODRIGUEZ, a.k.a
"Churro"; MANUEL BENITO, a.k.a.
"Panther"; VINCENT GARDUÑO, a.k.a.
"Fatal"; MANDEL LON PARKER, a.k.a.
"Chuco"; DANIEL ARCHULETA, a.k.a.
"Smurf"; DANIEL SANCHEZ, a.k.a.
"Dan Dan"; ANTHONY A. CORDOVA,
a.k.a. "Antone"; and ARTURO
ARNULFO GARCIA, a.k.a. "Shotgun,"

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Anthony Cordova's request that the Court permit Benji Montaño, one of Mario Montoya's former cellmates,[1] to testify in Cordova's case-in-chief. See, e.g., Draft Transcript of Trial Day 8 at 203:1-8 (taken July 18, 2018)(Morrissey)("Tr.").[2] The issue arose at trial on July 18, 2018. See, e.g., Tr. at 203:1-8

---

[1]Montoya provides the key testimony incriminating Cordova in the murder of Shane Dix, with which Cordova is charged. See Superseding Indictment at 54, filed March 9, 2017 (Doc. 372)("Indictment").

[2]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

(Morrissey). The primary issue is whether Montaño can testify although his invocation of his right against self-incrimination[3] may prevent Plaintiff United States of America from effectively cross-examining him. Cordova will ask Montaño to testify that Montoya told him, when they were cellmates, about killing Shane Dix on Defendant Christopher Garcia's behalf. See Tr. at 203:1-8 (Morrissey). Montaño's testimony outside the jury's presence indicated that he would invoke his right against self-incrimination whether he is a member of the Syndicato de Nuevo Mexico ("SNM").[4] See Tr. at 208:20-211:9 (Armijo, Montaño, Abrams, Court). The United States' proposed cross-examination focused on Montaño's membership in the SNM. See Tr. at 208:20-211:9 (Armijo, Montaño, Abrams, Court). The Court initially indicated that it would rule that Montaño's invocation of his right against self-incrimination forecloses the United States from effectively cross-examining Montaño, so admitting Montaño's direct examination would be inappropriate. See Tr. at 213:23-214:11 (Court). The Court stated, nevertheless, that it would consider Cordova's request and later orally changed its ruling to allow the testimony. See Tr. at 214:4-5 (Court); id. at 275:19-279:6 (Court); id. at 279:11-280:6 (Court). The Court will permit Montaño to testify.

Precedent from the United States Court of Appeals for the Tenth Circuit permits the United States to call a witness like Montaño even if such a witness invokes his or her right against self-incrimination during cross examination. The United States can call witnesses who invoke their right against self-incrimination as to collateral matters:

[A]s the cases indicate, not every invocation of the Fifth Amendment [to the

---

[3] Montoya invoked his right under the Fifth Amendment to the Constitution of the United States of America. See Tr. at 208:20-211:9 (Armijo, Montaño, Abrams, Court).

[4] The SNM is a prison gang formed in the early 1980s at the Penitentiary of New Mexico ("PNM") after a violent prison riot at PNM during which inmates seriously assaulted and raped twelve correctional officers after taking them hostage. See Indictment ¶ 3, at 2.

> Constitution of the United States] privilege by a witness results in a denial of the defendant's Sixth Amendment [to the Constitution of the United States] right of confrontation requiring that the witness's testimony be stricken. In determining whether the testimony of a witness who successfully invokes the Fifth Amendment privilege during cross-examination may be used against the defendant, courts have drawn the line between cases in which the defendant is precluded from inquiring into collateral matters bearing only on the credibility of the witness and those cases in which the defendant is precluded from inquiring into matters about which the witness testified on direct examination.

United States v. Nunez, 668 F.2d 1116, 1122 (10th Cir. 1981). In United States v. Nunez, the Tenth Circuit deemed particularly important that a prosecution witness' refusal to answer the defendant's question did not prevent the defendant from presenting to the jury other evidence that answered that question:

> [D]efense counsel, on recross-examination, asked Schmidt to explain why he had purchased the counterfeit money and how the money would help him on the pending state drug charge. Schmidt again refused to answer the question and the district court, after receiving a brief comment from Schmidt's counsel, determined that the privilege was properly invoked and refused to order Schmidt to answer the question.
>
> . . . .
>
> . . . More importantly, defense counsel was able to obtain through the testimony of Special Agent Haven the impeaching evidence concerning Schmidt's motive behind his purchase of the counterfeit money from defendant.

United States v. Nunez, 668 F.2d at 1122-23.

United States v. Nunez suggests that the United States' inability to question Montaño regarding his SNM membership does not prevent Cordova from calling Montaño as a witness. It is difficult to believe that the United States' right to cross examine the defendant's witnesses is more robust than a defendant's right to cross examine the United States' witnesses. The Sixth Amendment safeguards the accused's -- and not the United States' -- right "to be confronted with the witnesses against him." U.S. Const. amend. VI. Montaño's SNM membership goes to Montaño's credibility, but it is otherwise outside the scope of Cordova's direct examination.

Additionally, the United States can likely use other evidence to show that Montaño is an SNM member. If necessary, the Court can use the rule of completeness in conjunction with rule 611 of the Federal Rules of Evidence to permit the United States to put on that evidence during Cordova's case.[5] See Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part -- or any other writing or recorded statement -- that in fairness ought to be considered at the same time."); Fed. R. Evid. 611 (instructing courts to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence"). Consequently, the United States can effectively contest Montaño's testimony even if Montaño invokes his right against self-incrimination regarding his SNM membership, so Cordova may call Montaño as a witness. The Court will grant Cordova's request.

**IT IS ORDERED** that Defendant Anthony Cordova's request to call Benji Montaño as a witness is granted.

_____
UNITED STATES DISTRICT JUDGE

---

[5]One imagines that Cordova would be willing to stipulate that Montaño is an SNM member if doing so would permit him to call Montaño as a witness. If the United States is unwilling to accept such a stipulation, it is difficult to see how it can complain about its inability to put that information before the jury.

*Counsel:*

Fred Federici
  Attorney for the United States
    Acting Under Authority Conferred by 28 U.S.C. § 515
Albuquerque, New Mexico

--and--

Maria Ysabel Armijo
Randy M. Castellano
Matthew M. Beck
  Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

    *Attorneys for the Plaintiff*

Theresa M. Duncan
Duncan Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

    *Attorneys for Defendant Anthony Ray Baca*

Christopher W. Adams
The Law Office of Christopher W. Adams, P.C.
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Christopher Garcia*

Todd Bruce Hotchkiss
Todd B. Hotchkiss, Attorney at Law, LLC
Albuquerque, New Mexico

    *Attorney for Defendant Manuel Jacob Armijo*

Louis E. Lopez, Jr.
Louis Lopez Law
El Paso, Texas

    *Attorney for Defendant Frederico Munoz*

Donald F. Kochersberger, III
Business Law Southwest, LLC
Albuquerque, New Mexico

--and--

Pamela Sullivan
Law Office of Pamela Sullivan
Albuquerque, New Mexico

    *Attorneys for Defendant Sergio Loya Rodriguez*

Susan Burgess-Farrell
Barrett G. Porter
Burgess & Porter Law, LLC
Albuquerque, New Mexico

    *Attorneys for Defendant Manuel Benito*

Diego R. Esquibel
The Barnett Law Firm
Albuquerque, New Mexico

--and--

R. Scott Reisch
Reisch Law Firm, LLC
Denver, Colorado

    *Attorneys for Defendant Vincent Garduño*

Marc Grano
Grano Law Offices
Las Vegas, New Mexico

> *Attorney for Defendant Mandel Lon Parker*

James Baiamonte
Law Office of James P. Baiamonte Esq.
Albuquerque, New Mexico

--and--

Ahmad Assed
Ahmad Assed & Associates
Albuquerque, New Mexico

> *Attorneys for Defendant Daniel Archuleta*

Lauren Noriega
The Noriega Law Firm
Los Angeles, California

--and--

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

> *Attorneys for Defendant Daniel Sanchez*

Marcia A. Morrissey
Law Office of Marcia A. Morrissey
Santa Monica, California

--and--

Gregory M. Acton
Acton Law Firm P.C.
Albuquerque, New Mexico

> *Attorneys for Defendant Anthony A. Cordova*

Scott Moran Davidson
The Law Office of Scott M. Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Billy R. Blackburn Law Office
Albuquerque, New Mexico

--and--

Laura E. Udall
Cooper & Udall, PC
Tucson, Arizona

    *Attorneys for Defendant Arturo Arnulfo Garcia*