# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                        No. CR 16-1613 JB

ANTHONY RAY BACA, a.k.a. "Pup";
CHRISTOPHER GARCIA; MANUEL
JACOB ARMIJO, a.k.a. "Big Jake";
FREDERICO MUNOZ, a.k.a. "Playboy";
SERGIO LOYA RODRIGUEZ, a.k.a
"Churro"; MANUEL BENITO, a.k.a.
"Panther"; VINCENT GARDUÑO, a.k.a.
"Fatal"; MANDEL LON PARKER, a.k.a.
"Chuco"; DANIEL ARCHULETA, a.k.a.
"Smurf"; DANIEL SANCHEZ, a.k.a.
"Dan Dan"; ANTHONY CORDOVA,
a.k.a. "Antone," and ARTURO
ARNULFO GARCIA, a.k.a. "Shotgun,"

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the question whether to exclude Brian Acee,

a Federal Bureau of Investigation Agent and witness at trial, see Draft Transcript of Trial at 94:13-

95:6 (taken July 10, 2018)(Acton, Court, Armijo)("Tr."),[1] from the courtroom during voir dire.

The primary issue is whether rule 615 of the Federal Rules of Evidence -- providing that: "[a]t a

party's request, the court must order witnesses excluded so that they cannot hear other witnesses'

testimony," Fed. R. Evid. 615 -- applies where a witness may hear summaries of or information

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original,
unedited version. Any final transcript may contain slightly different page and/or line numbers.

about trial evidence or about other witnesses' testimony. The Court concludes that rule 615 applies in such situations.

Rule 615 seeks to preserve evidence's integrity by preventing one witnesses' testimony from influencing another witness's statements. <u>See</u>, <u>e.g.</u>, <u>Perry v. Leeke</u>, 488 U.S. 272, 281-82 (1989)("[W]itnesses may be sequestered to lessen the danger that their testimony will be influenced by hearing what other witnesses have to say, and to increase the likelihood that they will confine themselves to truthful statements based on their own recollections."); <u>United States v. McGirr</u>, 660 F. App'x 685, 690 (10th Cir. 2016)[2]("'The purpose of the rule is to prevent one witness from shaping his testimony to match that given by other witnesses at the trial.'" (quoting <u>Tasty Baking Co. v. N.L.R.B.</u>, 254 F.3d 114, 122-23 (D.C. Cir. 2001)); <u>United States v. Salcido Luzania</u>, 173 F.3d 865, 1999 WL 176130, at *5 (10th Cir. 1999)(unpublished table opinion)("The rule's purpose is obvious -- to prevent the shaping of testimony by hearing what other witnesses say." (citing <u>Taylor v. United States</u>, 388 F.2d 786, 788 (9th Cir. 1967)); <u>Opus 3 Ltd. v. Heritage</u>

---

[2]<u>United States v. McGirr</u> is an unpublished opinion, but the Court can rely on an unpublished opinion from the United States Court of Appeals for the Tenth Circuit to the extent its reasoned analysis is persuasive in the case before it. <u>See</u> 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored. However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

<u>United States v. Austin</u>, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that <u>United States v. McGirr</u> and <u>United States v. Salcido Luzania</u>, 173 F.3d 865, 1999 WL 176130 (10th Cir. 1999)(unpublished table opinion), have persuasive value with respect to material issues, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Park, Inc., 91 F.3d 625, 6228 (4th Cir. 1996)("The rule is designed to discourage and expose fabrication, inaccuracy, and collusion." (citing Fed. R. Evid. 615 advisory committee's note; United States v. Leggett, 326 F.2d 613, 613 (4th Cir. 1964)); United States v. Shurn, 849 F.2d 1090, 1094 (8th Cir. 1988)("The practice of excluding witnesses serves to prevent them from tailoring their testimony to that which has already been presented, and helps to detect testimony that is less than candid." (citing United States v. Perry, 815 F.2d 1100, 1105 (7th Cir. 1987))).  The rule is grounded in long-standing legal traditions advancing the same purposes.  See, e.g., United States v. Williams, 136 F.3d 1166, 1168-69 (7th Cir. 1998)("The rule codified a well-established common law tradition of sequestering witnesses "'as a means of discouraging and exposing fabrication, inaccuracy, and collusion.'" (citing United States v. Jackson, 60 F.3d 128, 133 (2d Cir. 1995))); United States v. Jackson, 60 F.3d at 133 ("The Supreme Court observed that this practice, which goes back to 'our inheritance of the common Germanic law,' serves two purposes: it 'exercises a restraint on witnesses 'tailoring' their testimony to that of earlier witnesses; and it aids in detecting testimony that is less than candid.'" (quoting Geders v. United States, 425 U.S. 80, 87 (1976))); Frideres v. Schiltz, 150 F.R.D. 153, 158 (S.D. Iowa 1993)(Bennett, M.J.)(tracing witness sequestration to Biblical times).  Rule 615 expands on the common law by making witness sequestration a matter of right when a party requests sequestration within the rule's scope.  See Fed. R. Evid. 615 advisory committee's notes ("The authority of the judge is admitted, the only question being whether the matter is committed to his discretion or one of right.  The rule takes the latter position.  No time is specified for making the request."); United States v. Seschillie, 310 F.3d 1208, 1213 n.3 (9th Cir. 2002)("Because Rule 615 states that the court, at the request of a party, *shall* order witnesses excluded, '[t]he rule makes the exclusion a matter of right and the

decision is no longer committed to the court's discretion as it once was.'" (emphasis in <u>United States v. Seschillie</u>)(quoting <u>United States v. Brewer</u>, 947 F.2d 404, 408 (9th Cir. 1991); and citing <u>United States v. Ell</u>, 718 F.2d 291, 293-94 (9th Cir. 1983))).

Despite witness sequestration's deep origins, <u>see</u> <u>Holder v. United States</u>, 150 U.S. 91, 92 (1893)("[T]he right to exclude under particular circumstances may be supported as within the sound discretion of the trial court"), courts vary in their interpretations of modern rule 615's scope. Some courts rely on the rule's literal language -- "the court must order witnesses excluded so that they cannot hear other witnesses' testimony," Fed. R. Evid. 615 -- to describe a rule applicable only to hearing another witness' testimony in the courtroom. <u>United States v. Sepulveda</u>, 15 F.3d 1161, 1175-76 (1st Cir. 1993)(describing rule 615 as giving parties a right to sequester witnesses from the courtroom proper, unlike the common law, which supported sequestration beyond the courtroom); <u>United States v. Brown</u>, 547 F.2d 36, 37 (3d Cir. 1976)("Rule 615 relates exclusively to the time testimony is being given by other witnesses. Its language is clear and unambiguous: 'the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses.'" (quoting Fed. R. Evid. 615)); <u>Hernandez v. United States</u>, No. W-09-CR-216(4), 2014 WL 12725646, at *4 (W.D. Tex. Dec. 30, 2014)(Smith, Jr.)(describing that rule 615 on its face applies to the testimony of other witnesses and begins and ends at either end of those witnesses' testimony). <u>Cf.</u> <u>State v. Colwell</u>, No. C-930806, 1994 WL 680131, at *3 (Ohio Ct. App. Dec. 7, 1994)(concluding, in relation to an Ohio statute similar to rule 615, "until an evidentiary hearing occurs, whether to exclude witnesses from the courtroom is within the trial court's discretion"). Such an interpretation restricts rule 615's applicability to courtroom testimony, and excludes from the rule's scope opening arguments, <u>see</u> <u>United States v. Brown</u>, 547 F.2d at 37 ("Admittedly,

there may exist a danger of improper suggestions to witnesses during counsel's opening statement, but that danger is not dealt with in Rule 615. The decision as to whether witnesses should be excluded prior to counsel's opening statement is committed to the discretion of the district court."), closing arguments, see United States v. Alvarez, 755 F.2d 830, 861 (11th Cir. 1985)("By its own terms, Rule 615 is inapplicable after all witness testimony has been concluded. We hold, therefore, that the court did not err by allowing the agents to remain in the courtroom during the closing arguments." (citing United States v. Brown, 547 F.2d at 37; 6 John Wigmore, Evidence § 1840 (1976))); cf. Tarapchak v. Lackawanna Cty., No. CV 15-2078, 2017 WL 4778533, at *8 n.94 (M.D. Pa. Oct. 23, 2017)(Kearney, J.)("Sequestration is unnecessary for a witness who has already testified because they are finished presenting evidence and cannot be influenced by another witness's testimony."), aff'd sub nom. Tarapchak v. Cty. of Lackawanna, 739 F. App'x 172 (3d Cir. 2018), and hearings wherein parties, witnesses, or courts summarize or discuss testimony, see United States v. West, 607 F.2d 300, 305-06 (9th Cir. 1979)(concluding, in response to arguments for sequestration at a hearing during which parties' made offers of proof, "[t]he offers of proof may have suggested testimony to those witnesses present in the courtroom, but . . . such danger is not within the purview of Rule 615. The mandatory exclusion of witnesses exists only in an evidentiary hearing. Until that point, the exclusion of witnesses is within the discretion of the trial court."); Hamel v. Gen. Motors Corp., No. 86-4388-R, 1990 WL 7490, at *8-9 (D. Kan. Jan. 9, 1990)(Rogers, J.)(concluding that rule 615 did not prohibit a witness' presence in the courtroom during arguments on his testimony); United States v. Arefi, 847 F.2d 1003, 1008 (2d Cir. 1988)(describing the argument that a district court "violated Fed. R. Evid. 615 by failing to exclude [a witness] from the courtroom during the sentencing hearing while the other witnesses were

testifying" as "without merit," because "[t]he rules of evidence, by their own terms, do not apply to sentencing hearings" (citing Fed. R. Evid. 1101(d)(3)).[3] See also United States v. Feola, 651 F. Supp. 1068, 1130 (S.D.N.Y. 1987)(Brieant, J.)(describing rule 615's bounds: "The witnesses need not be sequestered during pretrial proceedings, or after their testimony; they can speak freely to anybody and if they do so, may be cross-examined with respect thereto insofar as may relate to bias or credibility"), aff'd, 875 F.2d 857 (2d Cir. 1989); 6 John Wigmore, Evidence § 1840, at 470 (James Chadbourn rev. 1976)("[T]he time for sequestration begins with the delivery of testimony upon the stand and ends with the close of testimony. It is therefore not appropriate during the reading of the pleadings or the opening address of counsel." (quoted in Michael H. Graham, Criminal Law Bulletin ART 9 (2010))).

Other courts read rule 615 more broadly, extending rule 615's application beyond the courtroom and beyond case-in-chief testimony. Courts have, for instance, concluded that rule 615's prohibition on "hearing" other witnesses' testimony precludes reading transcripts of that testimony. See, e.g., United States v. Robertson, 895 F.3d 1206, 1215 (9th Cir. 2018)(applying

---

[3]Such courts may recognize that rule 615's sequestration by right is limited, but permit district courts, in their discretion, to sequester witnesses from such proceedings. See, e.g., United States v. Sepulveda, 15 F.3d 1161, 1175-76 (1st Cir. 1993)(describing rule 615 leaving in district courts' decision sequestration orders beyond rule 615); United States v. West, 607 F.2d at 305-06 ("The mandatory exclusion of witnesses exists only in an evidentiary hearing. Until that point, the exclusion of witnesses is within the discretion of the trial court."); United States v. Brown, 547 F.2d at 38 ("The decision as to whether witnesses should be excluded prior to counsel's opening statement is committed to the discretion of the district court."); Hazle v. Crofoot, No. 2:08-CV-02295GEBEFB, 2010 WL 2509355, at *5 (E.D. Cal. June 17, 2010)(Burrell, J.)("Admittedly, there may exist a danger of improper suggestions to witnesses during counsel's opening statement, but that danger is not dealt with in Rule 615. The decision as to whether witnesses should be excluded prior to counsel's opening statement is committed to the discretion of the district court.").

rule 615 to reading transcripts equally as to hearing testimony, and collecting cases for the same proposition). According to the Fifth Circuit,

> The opportunity to shape testimony is as great with a witness who reads trial testimony as with one who hears the testimony in open court. The harm may be even more pronounced with a witness who reads trial transcript than with one who hears the testimony in open court, because the former need not rely on his memory of the testimony but can thoroughly review and study the transcript in formulating his own testimony.

Miller v. Universal City Studios, Inc., 650 F.2d 1365, 1373 (5th Cir. 1981). Other courts, including the United States Court of Appeals for the Tenth Circuit, read rule 615 to prohibit witnesses from discussing testimony and trial even outside the courtroom. See, e.g., United States v. Green, 293 F.3d 886, 892 (5th Cir. 2002)("Approximately thirty-seven of the government's witnesses were housed together at a prison facility before they testified. The court failed to instruct them not to discuss the case, a violation of Federal Rule of Evidence 615, the rule of sequestration."); United States v. Greschner, 802 F.2d 373, 376 (10th Cir. 1986)(identifying a risk of reversal where sequestered witnesses discuss testimony); United States v. Johnston, 578 F.2d 1352, 1355 (10th Cir. 1978)(requiring that district courts give instructions "making it clear that witnesses are not only excluded from the courtroom but also that they are not to relate to other witnesses what their testimony has been and what occurred in the courtroom"); United States v. Deleon, No. CR 15-4268 JB, 2018 WL 1871418, at *2 (D.N.M. April 17, 2018)(Browning, J.)("Tenth Circuit precedent indicates that the scope of sequestration under rule 615 is considerably broader than exclusion from the physical courtroom." (citing United States v. Johnston, 578 F.3d at 1355). Such broader interpretations also extend rule 615's sequestration requirement to opening arguments, see Queen v. Wash. Metro. Area Transit Auth., 842 F.2d 476, 481 (D.C. Cir. 1988)(applying rule 615 to opening arguments), closing arguments, see United States v. Juarez, 573 F.2d 267, 281 (5th Cir.

1978)("Because closing arguments of counsel often restate witness testimony, the trial court could justifiably fear that witnesses present at such arguments might learn the testimony of other witnesses, thus jeopardizing the fairness of a second trial should one be necessary."), and non-trial hearings pertaining to witness testimony, see United States v. Brewer, 947 F.2d at 410 (deeming rule 615 applicable in pretrial suppression hearings); United States v. Brewer, 947 F.2d at 408 ("In an en banc hearing . . . , the Fifth Circuit affirmed [the] portion of the three-judge panel's opinion" holding that a district court erred in denying a request to seclude a witness during a suppression hearing, (citing United States v. Warren, 578 F.2d 1058, 1076 (5th Cir. 1978); United States v. Warren, 550 F.2d 219, 227 (5th Cir. 1977))). "The customary practice is to exercise discretion to exclude prospective witnesses during openings and any arguments or offers of proof when a witness's testimony may be summarized." Mark Brodin, Joseph McLauglin, Jack Weinstein, Margaret Berger, Weintein's Federal Evidence § 615.02[2][a], at 615-6 (2019). See Kurtis A. Kemper, 181 A.L.R. Fed. 549 (2019 ed.)("Courts often exercise their discretion to exclude potential witnesses during opening arguments and proffers of proof where testimony may be offered or summarized.").

The Court agrees with those courts taking broad approaches to rule 615. Permitting witnesses to overhear the substance of others' testimony in argument or any other form would defeat rule 615's anti-tailoring, anti-fabrication, and anti-collusion aims. See, e.g., United States v. Williams, 136 F.3d at 1168-69; Perry v. Leeke, 488 U.S. at 281-82. The Tenth Circuit's expansionist reading of rule 615 persuades the Court that it adopts a position following the Tenth Circuit's direction. See, e.g., United States v. Johnston, 578 F.2d at 1355 (requiring witness instructions "making it clear that witnesses are not only excluded from the courtroom but also that

they are not to relate to other witnesses what their testimony has been and what occurred in the courtroom"). The Court sees no great difference between hearing witnesses' recount trial events and testimony, contrary to the Tenth Circuit's sequestration requirements, and hearing that testimony in the courtroom, and between hearing attorneys or other witnesses summarize such testimony in arguments before or after trial, and observing the testimony in trial. In the Court's view, effectuating rule 615's purposes requires the rule's application to opening arguments and similar courtroom discussions.

Courts also disagree whether rule 615's rationale applies equally to direct and rebuttal witnesses. Compare United States v. Bramlet, 820 F.2d 851, 855 (7th Cir. 1987)("[A]pplication of the court's general exclusionary order to the government's rebuttal witnesses was unnecessary. The rationale for excluding adverse witnesses is premised on the concern that once having heard the testimony of others, a witness may inappropriately tailor his or her own testimony to the prior evidence."), with United States v. Ell, 718 F.2d at 293 ("A witness may wish to tailor rebuttal testimony to conform to that of other witnesses as well as to cover up inconsistencies in earlier testimony that have been revealed by the other witnesses."); Wigmore, supra § 1840, at 470 (permitting sequestration pending rebuttal). The Court adopts the approach consistent with its attitude toward sequestration during events other than trial testimony, and reasons that the risks of tailoring, fabrication, and collusion do not shrink because a witness takes the stand for rebuttal rather than for a case-in-chief. That, through rebuttal, attorneys hope to address and to potentially undermine opposing witnesses bolsters rather than reduces the reasons for rule 615's extension through rebuttal. Accordingly, the Court concludes that Acee is properly excluded from the courtroom during voir dire.

**IT IS ORDERED** that Acee will remain outside the courtroom during voir dire.



_____
UNITED STATES DISTRICT JUDGE


_Counsel:_

Fred Federici
   Attorney for the United States
      Acting Under Authority Conferred by 28 U.S.C. § 515
Albuquerque, New Mexico

--and--

Maria Ysabel Armijo
Randy M. Castellano
Matthew M. Beck
   Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

        _Attorneys for the Plaintiff_

Theresa M. Duncan
Duncan Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

        _Attorneys for Defendant Anthony Ray Baca_

Christopher W. Adams
The Law Office of Christopher W. Adams, P.C.
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Christopher Garcia*

Todd Bruce Hotchkiss
Todd B. Hotchkiss, Attorney at Law, LLC
Albuquerque, New Mexico

    *Attorney for Defendant Manuel Jacob Armijo*

Louis E. Lopez, Jr.
Louis Lopez Law
El Paso, Texas

    *Attorney for Defendant Frederico Munoz*

Donald F. Kochersberger, III
Business Law Southwest, LLC
Albuquerque, New Mexico

--and--

Pamela Sullivan
Law Office of Pamela Sullivan
Albuquerque, New Mexico

    *Attorneys for Defendant Sergio Loya Rodriguez*

Susan Burgess-Farrell
Barrett G. Porter
Burgess & Porter Law, LLC
Albuquerque, New Mexico

    *Attorneys for Defendant Manuel Benito*

Diego R. Esquibel

The Barnett Law Firm
Albuquerque, New Mexico

--and--

R. Scott Reisch
Reisch Law Firm, LLC
Denver, Colorado

    *Attorneys for Defendant Vincent Garduño*

Marc Grano
Grano Law Offices
Las Vegas, New Mexico

    *Attorney for Defendant Mandel Lon Parker*

James Baiamonte
Law Office of James P. Baiamonte Esq.
Albuquerque, New Mexico

--and--

Ahmad Assed
Ahmad Assed & Associates
Albuquerque, New Mexico

    *Attorneys for Defendant Daniel Archuleta*

Lauren Noriega
The Noriega Law Firm
Los Angeles, California

--and--

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

    *Attorneys for Defendant Daniel Sanchez*

Marcia A. Morrissey
Law Office of Marcia A. Morrissey
Santa Monica, California

--and--

Gregory M. Acton
Acton Law Firm P.C.
Albuquerque, New Mexico

     *Attorneys for Defendant Anthony A. Cordova*

Scott Moran Davidson
The Law Office of Scott M. Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Billy R. Blackburn Law Office
Albuquerque, New Mexico

--and--

Laura E. Udall
Cooper & Udall, PC
Tucson, Arizona

     *Attorneys for Defendant Arturo Arnulfo Garcia*